## CERCLE FRANCAIS DE L'HARMONIE, APPELLANT, v. STEPHEN B. FRENCH AND OTHERS, RESPONDENTS.

*Social club — the rule that the police will be prevented from invading the precincts of the club or interfering with its property does not apply to a ball given by it, tickets to which are sold to all persons. and at which wines and liquors are sold to all persons willing to pay therefor.*

APPEAL from an order made at Special Term denying a motion to continue an injunction *pendente lite*.

The court at General Term said: "The plaintiff is a social club, organized under the laws of the State, and owns the real estate in this city where it has its office and meeting-rooms, which are regu·larly used by its members and their guests. It has been accustomed, annually, for many years past, to give a ball, and to rent for that purpose the large building known as the Academy of Music, the club-house being too small for the purpose. In connection with this ball the plaintiff has been in the habit of furnishing its members and their guests with refreshments on the night of the ball, and from one A. M. until five A. M., and this included wines and liquors of different kinds. The Academy of Music has a license

to sell liquors.   The plaintiff, proposing to give a ball on the 20th January, 1886, duly obtained a license therefor from the board of police, leased the academy for the night, paid the rental of one thousand dollars and invested some seven thousand dollars in provisions, wines and liquors to be used by its members and their guests at the ball.   The police department, under whose supervision the ball must take place, have the right and power to close the same whenever any illegal act shall be committed.   These authorities on the day the ball was to be given, which they had duly licensed, notified the plaintiff's officers ot their intended interference with and arrest of the plaintiff's members for using and distributing their liquors, and that, too, without obtaining a warrant.   This action was then commenced to prevent these contemplated acts, and an injunction obtained until the hearing of a motion to make that remedy perpetual.   It was not intended to present the wines and liquors to the members or their guests, but to sell them at a price to be determined.   Upon the hearing of the motion it appeared by the affidavit of William H. Clinchy, who is a captain of police, that he was in charge of the police force on duty on the night of the ball and morning following; that the ball was carried on by the plaintiff and attended by a large number of persons, according to its estimate about four thousand or five thousand persons; that a box office was kept in the lobby of the academy, at which checks or tickets were sold to all persons applying therefor, who were thereafter admitted to the ball, and that between the hours of one and five A. M., and on the twenty-eighth of January, wines and intoxicating liquors were publicly sold and furnished to the persons attending the ball, and that payment therefor was then and there required and taken by the persons selling the same.   The statements thus made by the captain were not gainsaid and the motion was denied.   The proposition that the police authorities may be prevented from invading the precincts of a private clubhouse when the intention is to interfere with its festivities, properly conducted and not amounting to a nuisance, or such a clamor as creates a breach of the public peace, and particularly when the intention is to interfere with its property of any kind, cannot well be doubted.   The authorities, so ably collated by the learned counsel for the plaintiff, are conclusive on the subject.   (*Seim et al.* v. *The State,* 55 Md., 566, 571; *Commonwealth* v. *Smith,* 102 Mass., 144; *Common-*

wealth v. Pomphret, 137 id., 564, 566 ; Graff v. Evans, 8 Q. B. Div., 373, 377 ; Springhead Spinning Co. v. Riley, L. R., 6 Eq. Cases, 551, 558 ; The People v. The Canal Board, 55 N. Y., 390, 393 ; Davis v American Society, 75 id., 362, 369 ; The People ex rel. Negus v. Dwyer, 90 id., 402, 409 ; The State Lottery Co. v. Fitzpatrick, 3 Woods, 222.) But as shown by the affidavit of Captain Clinchy, the ball was not confined to the members of the club, inasmuch as the tickets were publicly sold to any one who sought one, and the liquors were indiscriminately sold to the persons admitted and desiring them. These facts prevented the application of the rule established by the cases cited, and the continuance of the injunction. for the reason that the Academy of Music ceased to be a private club-house for the period during which the ball continued, the entrance to which and privileges therein were not confined to its members and their guests in the proper and legal sense of that term. It thus became a public festivity held in a public, not private, building, to which all could have access who paid for admission. The question, therefore, whether the police authorities have the right to invade a private club-house is not strictly presented on the facts which appear in the record. The question we are now called upon to consider is not whether, under the facts and circumstances disclosed, an injunction should have been granted, but whether it should have been continued, and for the reasons given, it is clear it should not have been. The order appealed from, therefore, must be affirmed, with ten dollars costs and disbursements."

C. A. Seward, for the appellant.

D. J. Dean, for the respondent.

Opinion by Brady, J. ; Daniels, J., concurred.

Order affirmed, with ten dollars costs and disbursements